UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ALIVIA BLOUNT, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:23-cv-00343 |
| | ) |
| WHOLE FOODS MARKET | ) |
| DOWNTOWN NASHVILLE, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

Plaintiff Alivia Blount filed a pro se Amended Complaint against Whole Foods Market Downtown Nashville. (Doc. No. 10). The Court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see also Ongori v. Hawkins, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e).").

The Court applies the standard for Rule 12(b)(6), Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010), by viewing the Complaint in the light most favorable to plaintiff and taking all well-pleaded factual allegations as true. Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009)). The Court then determines if the allegations "plausibly suggest an entitlement to relief," Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[A] formulaic recitation of the elements of a cause of action will not do,"

id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)), and the plaintiff may not rely on unwarranted factual inferences or legal conclusions couched as factual allegations. Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007); DirectTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007).

Blount claims that Whole Foods engaged in "racial profiling" in connection with false allegations of retail theft. The Court liberally construes this as a claim under 42 U.S.C. § 1981, which prohibits discrimination in the making and enforcement of contracts and has been applied in the context of alleged discrimination by a retail establishment. See Gant v. Walmart, No. 3:12-CV-581, 2012 WL 2344637, at *2 (M.D. Tenn. June 20, 2012) (citing Christian v. Wal-Mart Stores, Inc., 252 F.3d 862, 872 (6th Cir. 2001)); see also, e.g., Harrington v. Marathon Petroleum Corp., No. 2:20-cv-16, 2020 WL 419435 (S.D. Ohio Jan. 27, 2020) (construing claim under Section 1981 that plaintiff was racially profiled when mistaken for shoplifter), report and recommendation adopted sub nom. Harrington v. Marathon Petroleum Corp., Speedway, LLC, No. 2:20-cv-16, 2020 WL 635771 (S.D. Ohio Feb. 11, 2020). For this type of claim, a plaintiff must plausibly allege that (1) she is a member of a protected class; (2) she sought to make or enforce a contract for services ordinarily provided by the defendant; and (3) she was denied the right to enter into or enjoy the benefits or privileges of the contractual relationship in that (a) plaintiff was deprived of services while similarly situated persons outside the protected class were not and/or (b) plaintiff received services in a markedly hostile manner and in a manner which a reasonable person would find objectively discriminatory. Christian, 252 F.3d at 872.

Here, the Amended Complaint, liberally read in context, alleges that Blount was a non-white customer who sought to purchase acai from a machine at Whole Foods. (Doc. No. 10 at 4). A security guard alleged approached Blount and accused her of stealing the cup in her hand, which

Blount had, in fact, purchased months earlier. Id. When Blount offered this explanation, the security guard accused her of lying and shoplifting, and store management declined to intervene. Id. The security guard then prevented Blount from purchasing food and removed her from the store (allowing Blount to keep the cup in question). Id. Based on these allegations, the Court finds that Blount has plausibly alleged that she is a member of a protected class; she sought to purchase goods ordinarily provided by Whole Foods; and she was deprived of her right to purchase those goods in a hostile manner that a reasonable person could find discriminatory. Accordingly, the Court concludes that Blount has stated a non-frivolous Section 1981 claim for discrimination by a retail establishment. All other claims are DISMISSED.

The Court's determination that the complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing that claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude Whole Foods from filing a motion to dismiss that claim under Federal Rule of Civil Procedure 12.

The Court will direct the U.S. Marshals Service to serve the Amended Complaint (Doc. No. 10 at 4-9) on Whole Foods at no cost to Blount. However, in order for the U.S. Marshals Service to serve Whole Foods, Blount must complete and return two forms: "Process Receipt and Return" (AO 285) and "Summons in a Civil Action" (AO 440). These forms are together referred to as a "service packet." The Clerk is DIRECTED to send Blount one service packet. Blount MUST complete the service packet for Whole Foods, and then return the completed service packet to the Clerk's Office within 21 DAYS of the date this Order is entered on the docket. Upon return of the completed service packet, PROCESS SHALL ISSUE. Blount is warned that failure to return the completed service packet within the required time period could jeopardize her prosecution of this action.

This action is REFERRED to the Magistrate Judge to oversee service of process, enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72 of the Federal Rules of Civil Procedure and the Local Rules of Court. The pending Motion for PACER Access (Doc. No. 10) is reserved for the Magistrate Judge. Blount must keep the Court informed of her current address at all times or face dismissal for want of prosecution. Fed. R. Civ. P. 41(b); Local Rule 41.01(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE