UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALIVIA BLOUNT,<br><br> Plaintiff,<br><br>v.<br><br>WHOLE FOODS MARKET DOWNTOWN NASHVILLE,<br><br> Defendant. | Case No. 3:23-cv-00343<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

  This Memorandum Order addresses pro se Plaintiff Alivia Blount's second motion for a jury trial (Doc. No. 43) and her request for monetary sanctions (Doc. No. 53) against Defendant Whole Foods Market Downtown Nashville (Whole Foods). Whole Foods has responded in opposition to both motions. (Doc. Nos. 51, 54.) Blount filed a reply in support of her motion for a jury trial. (Doc. No. 52.)

  For the reasons that follow, the Court will grant Blount's second motion for a jury trial and will deny her motion for monetary sanctions.

**I.  Relevant Background**

  Blount alleges that Whole Foods engaged in racial profiling when she visited the store on March 13, 2023, and a security guard falsely accused Blount of shoplifting "a hydroflask cup" that she had "purchased . . . from the same location a few months earlier." (Doc. No. 13, PageID# 52.) Blount initiated this action on April 13, 2023, by filing a complaint against Whole Foods for racial discrimination. (Doc. No. 1.) The Court granted Blount's application for leave to appear *in forma pauperis* (Doc. Nos. 5, 7), consolidated this action with another action that Blount filed against

Whole Foods (Doc. No. 9), and ordered Blount to file "one Amended Complaint that identifies all of [her] legal claims and includes factual allegations sufficient to demonstrate a plausible right to relief" within thirty days of the Court's order (*id.* at PageID# 36). Three days later, Blount filed a motion requesting access to the Court's CM/ECF electronic filing system (Doc. No. 10) to which she attached an "updated complaint" against Whole Foods (*id.* at PageID# 41).

The Court treated Blount's updated complaint as an amended pleading and, on November 2, 2023, the Court screened Blount's amended complaint under 28 U.S.C. § 1915(e)(2)(B). (Doc. No. 11.) The Court found that Blount had "stated a non-frivolous . . . claim for discrimination by a retail establishment" in violation of 42 U.S.C. § 1981, but dismissed all other claims in the amended complaint. (*Id.* at PageID# 49.) The Court directed the Clerk of Court to send Blount "a 'service packet'" consisting of two forms—a "'Process Receipt and Return' (AO 285) and 'Summons in a Civil Action' (AO 440)"—and ordered Blount to complete and return these forms so that the Court could issue a summons to Whole Foods and the U.S. Marshals Service could serve Whole Foods with the summons and amended complaint on Blount's behalf in accordance with Federal Rule of Civil Procedure 4. (*Id.*)

The Court referred this action to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. No. 11.) On November 3, 2023, the Magistrate Judge granted Blount's motion for CM/ECF access and directed the Clerk of Court to file the amended complaint attached to Blount's motion as a separate docket entry. (Doc. No. 12.) The amended complaint (Doc. No. 13), as screened by the Court (Doc. No. 11), is therefore the operative pleading in this action.

The docket reflects that Blount returned completed service forms and, on November 7, 2023, the Clerk of Court issued a summons to Whole Foods and provided the summons to the

Marshals Service to effect service of process. (Doc. No. 14.) On December 5, 2023, Blount filed a motion for default judgment against Whole Foods, arguing that she "electronically served the complaint documents [on Whole Foods] on October 19, 2023" and that nearly "30 days ha[d] passed since the complaint documents were served by the US Marshal[ ] fo[r] the second time" but Whole Foods "ha[d] yet to respond" to her claims. (Doc. No. 16, PageID# 67.) Two days later, on December 7, 2023, the Marshals Service filed a summons return stating that it served the summons on Whole Foods' counsel on December 4, 2023. (Doc. No. 18.) Whole Foods appeared (Doc. Nos. 21, 22) and filed an answer (Doc. No. 23) to Blount's amended complaint on January 10, 2024.

On April 11, 2024, Blount filed a motion requesting a jury trial and other relief. (Doc. No. 40.) The Court found "that Blount did not request a jury trial when she filed her complaint" and ordered that, "[i]f [Blount] wants to make a jury demand at this stage of the litigation, she should file a properly supported motion for that relief." (Doc. No. 41.) On May 28, 2024, in response to the Court's order, Blount filed a "second motion for jury trial" invoking Federal Rule of Civil Procedure 38. (Doc. No. 43.) However, "when Blount electronically filed this document, she identified it as a 'demand for trial by jury' and not as a motion requesting particular relief." (Doc. No. 48, PageID# 151.) On July 30, 2024, the Court directed the Clerk of Court "to identify the filing as a motion for a trial by jury" and ordered Whole Foods to "file any response in opposition to Blount's motion within fourteen days of service." (*Id.*) Whole Foods filed a response in opposition to Blount's second motion for a jury trial on August 9, 2024. (Doc. No. 51.) Three days later, Blount filed a reply "in defense of her motion for jury trial" (Doc. No. 52, PageID# 167) and also filed a motion for monetary sanctions against Whole Foods (Doc. No. 53). Blount's motion for monetary sanctions requests $10,000.00 "for legal fees incurred relating to this case"

while she waited for Whole Foods to respond to her claims. (*Id.* at PageID# 173). Whole Foods filed a response in opposition to Blount's motion for monetary sanctions. (Doc. No. 54.) Blount did not file an optional reply.

The Court entered a scheduling order setting September 30, 2024, as the deadline to file motions to amend the pleadings; January 30, 2025, as the deadline to complete discovery and file discovery motions; and March 31, 2025, as the deadline to file dispositive motions, including motions for summary judgment. (Doc. No. 49.) On August 2, 2024, the Court entered a trial order setting this case "for a jury trial on December 2, 2025[.]" (Doc. No. 50, PageID# 158.)

## II. Analysis

### A. Blount's Second Motion For Jury Trial

Federal Rule of Civil Procedure 38(b) provides that:

> On any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand--which may be included in a pleading--no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d).

Fed. R. Civ. P. 38(b)(1)–(2). Rule 38(d) states that "[a] party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d). However, under Rule 39(b), "[e]ven where a jury trial has not been properly demanded, a court 'may, on motion, order a jury trial on any issue for which a jury might have been demanded.'" *Anderson v. URS Energy & Constr., Inc.*, Case No. 3:14-cv-02291, 2016 WL 3365786, at *2 (M.D. Tenn. June 17, 2016) (quoting Fed. R. Civ. P. 39(b)). District courts have broad discretion in ruling on Rule 39(b) motions. *Kitchen v. Chippewa Valley Schs.*, 825 F.2d 1004, 1013 (6th Cir. 1987); *Barron v. Bankers Life & Cas. Co.*, 288 F.R.D. 187, 191 (W.D. Tenn. 2012). The Sixth Circuit has instructed that "[t]he court's discretion should be exercised in favor of granting a jury trial 'in the absence of strong and compelling reasons to the contrary.'" *Kitchen*, 825 F.2d at 1013 (quoting *Local 783, Allied*

4

Case 3:23-cv-00343    Document 56    Filed 11/06/24    Page 4 of 8 PageID #: 184

*Industrial Workers of America v. Gen. Elec. Co.*, 471 F.2d 751, 755 (6th Cir. 1973), *cert denied*, 414 U.S. 822 (1973)). "A compelling reason to deny a jury request . . . would include evidence of prejudice to the opposing party or evidence that the opposing party would have prepared its case differently had it known that a jury trial might ensue." *Anderson*, 2016 WL 3365786, at *3 (citing *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 207 (6th Cir. 1990)); *cf. Davis-Watkins Co. v. Serv. Merch. Co.*, 500 F. Supp. 1244, 1251 (M.D. Tenn. 1980) ("The complexity of a case may justify the refusal to grant a discretionary jury trial motion.").

Whole Foods argues that "[t]he last pleading allowed under [Federal Rule of Civil Procedure] 7 in this litigation was Whole Foods' Answer on January 10, 2024[,]" and that Blount therefore "had until January 24, 2024, to either seek leave to amend her Amended Complaint to demand a jury or file a Motion for a Jury Trial." (Doc. No. 51, PageID# 164.) Whole Foods argues that, because "Blount did not take either action . . . , she has [ ] waived her right to demand a jury trial in this matter." (*Id.*) Whole Foods further argues that "granting a jury trial would cause undue delay and continue to financially prejudice Whole Foods with costs and attorneys' fees" because "Whole Foods has incurred substantial costs [in this litigation] and counsel has spent more than 60 hours defending and responding to [ ] Blount's improper filings." (*Id.* at PageID# 164–65.) Whole Foods also argues that it "would be prejudiced in a jury trial because a jury would be unable to distinguish their sympathies for [ ] Blount as an unrepresented party and fairly consider the factual issues at hand." (*Id.* at PageID# 165.) Blount replies that her "request for a jury trial was filed at an appropriate time given the status of the case." (Doc. No. 52, PageID# 168.)

Whole Foods is correct that Blount did not request a jury trial until after the time period provided by Rule 38(b)(1) in this action had passed. However, the Court retains discretion to grant Blount's second motion for a jury trial under Rule 39(b). *See* Fed. R. Civ. P. 39(b); *Anderson*,

2016 WL 3365786, at *2. Whole Foods has not offered "strong and compelling reasons" for the Court not to exercise that discretion here. *Kitchen*, 825 F.2d at 1013. Although it is likely "that a jury trial would be costlier and more time-consuming than a bench trial, that alone is not sufficient prejudice to defeat [Blount's] motion. If it were, no Rule 39(b) motion would succeed." *McKnuckles v. Centerstone of Am.*, Case No. 3:16-cv-02916, 2018 WL 6696992, at *3 (M.D. Tenn. Dec. 20, 2018); *see also Good v. BioLife Plasma Servs., L.P.*, Case No. 18-CV-11260, 2021 WL 10256422, at *2 (E.D. Mich. Feb. 9, 2021) (quoting *id.*). Nor is Whole Foods' "apparent lack of faith in the impartiality of the jury system" a sufficiently strong and compelling reason to deny Blount's motion. *Winter Enters., LLC v. W. Bend Mut. Ins. Co.*, Case No. 1:17-cv-360, 2018 WL 1522119, at *6 (S.D. Ohio Mar. 28, 2018). Discovery has not yet concluded in this action. (Doc. No. 49.) At this "relatively early stage of the proceeding[,]" and in the absence of undue prejudice to Whole Foods, the Court will exercise its discretion under Rule 39(b) to grant Blount's second motion for a jury trial. *Barron*, 288 F.R.D. at 192.

    **B.**    **Blount's Motion for Monetary Sanctions**

Blount argues that she "electronically served" "a member of the whole foods team" "[o]n October 23, 2023[,]" and "the [Marshals Service] served the defendant a SECOND time on December 4, 2023[,]" but "[i]t was not until January 10, 2024 that the defendant responded to the claim!" (Doc. No. 53, PageID# 173.) She "request[s] $10,000[.00] in monetary sanctions to recover costs incurred during this time for legal fees incurred relating to this case." (*Id.*) Blount states that "[a]lthough [she] is representing herself she must pay legal advisors to figure ou[t] how to respond to each matter and file responses in a timely way." (*Id.*) Whole Foods argues that the Court should deny Blount's motion because "[t]he Sixth Circuit has consistently held that pro se parties are not entitled to recover attorney fees." (Doc. No. 54, PageID# 176 (collecting authority).)

Federal Rule of Civil Procedure 12(a)(1) provides that, in general, "[a] defendant must serve an answer[ ]" "within 21 days after being served with the summons and complaint[.]" Fed. R. Civ. P. 12(a)(1)(A)(i). The docket in this case reflects that the Court issued a summons to Whole Foods on November 7, 2023, and provided the summons to the Marshals Service to effect service of process on Blount's behalf. (Doc. No. 14.) The Marshals Service filed a proof of service affidavit stating that, on December 4, 2023, it served the summons on "Ethin Goodwin[,] Senior Coun[se]l for Litigation" "who is designated by law to accept service on behalf of . . . Whole Foods . . . ." (Doc. No. 18, PageID# 78, 79.) Assuming that this service was effective, Whole Foods' response to Blount's amended complaint was due by December 26, 2023. *See* Fed. R. Civ. P. 12(a)(1)(A)(i); Fed. R. Civ. P. 6(a)(1)(C) (providing that if the last day of a time period "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). But the docket reflects that Whole Foods did not file its answer until January 10, 2024. (Doc. No. 23.) Whole Foods has not offered any explanation for this delay.

However, the Court has already denied Blount's motion for default judgment on the ground that Whole Foods "has filed an answer . . . ." (Doc. No. 55.) And Blount has not identified any legal authority supporting her request for monetary sanctions against Whole Foods to cover amounts that Blount "pa[id] legal advisors to figure ou[t] how to respond to each matter and file responses in a timely way" in this case. (Doc. No. 53, PageID# 173.) Her motion for sanctions will therefore be denied.

The Court notes that Blount's statement that she has paid "legal advisors" for assistance in this action calls into question her representation to the Court that she is litigating this action on her own behalf without the assistance of counsel. When an attorney provides substantial legal

7

assistance to a party behind the scenes and without entering an appearance in the case, it "not only affords [the plaintiff] the benefit of this court's liberal construction of pro se pleadings . . . but also inappropriately shields [the attorney] from responsibility and accountability for his actions and counsel." *Duran v. Carris*, 238 F.3d 1268, 1271–72 (10th Cir. 2001). It is also "'inconsistent with the intent of procedural, ethical and substantive rules of the Court.'" *Metron Nutraceuticals, LLC v. Cook*, 550 F. Supp. 3d 484, 486–87 (N.D. Ohio 2021) (quoting *Gordon v. Dadante*, No. 1:05-CV-2726, 2009 WL 1850309, at *27 (N.D. Ohio June 26, 2009)). Blount is reminded that "the Federal Rules of Civil Procedure impose a continuing duty of candor on representations made to the court by attorneys and unrepresented parties and authorize sanctions for any violation of that duty." *Id.* (citing Fed. R. Civ. P. 11).

**III.     Conclusion**

For these reasons, Blount's second motion for a jury trial (Doc. No. 43) is GRANTED and her motion for monetary sanctions (Doc. No. 53) is DENIED.

It is so ORDERED.

ALISTAIR E. NEWBERN
United States Magistrate Judge