UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALIVIA BLOUNT,<br><br>    Plaintiff,<br><br>v.<br><br>WHOLE FOODS MARKET DOWNTOWN NASHVILLE,<br><br>    Defendant. | Case No. 3:23-cv-00343<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

There are sixteen motions pending in this action (Doc. Nos. 63, 71, 73, 74, 79, 80, 84, 89, 93, 95–97, 101, 113–15), many of which stem from the parties' apparent confusion about orders the Court issued in screening pro se Plaintiff Alivia Blount's amended complaint (Doc. Nos. 7, 9, 11). Specifically, the parties have spilled a great deal of ink debating whether the claim Blount asserts against Defendant Whole Foods Market Downtown Nashville arises under 42 U.S.C. § 2000a or 42 U.S.C. § 1981. Because the Court found in its final screening order "that Blount has stated a non-frivolous Section 1981 claim for discrimination by a retail establishment" and dismissed "[a]ll other claims" (Doc. No. 11, PageID# 49), the pending motions raise issues that are not in dispute and do little to move this action forward.

Accordingly, and for the reasons that follow, the Court will direct the Clerk of Court to administratively terminate the parties' summary judgment motions and other motions rooted in a dispute over the operative cause of action. The Court will separately address Blount's motion for sanctions (Doc. No. 93), motion to appoint counsel (Doc. No. 113), request for electronic service of documents (Doc. No. 115), and request for a PACER fee exemption (Doc. No. 114).

## I. Relevant Background

Blount initiated this action on April 13, 2023, by filing a complaint against Whole Foods for racial discrimination. (Doc. No. 1.) The Court granted Blount's application for leave to appear *in forma pauperis* (Doc. Nos. 5, 7), consolidated this action with another action Blount filed against Whole Foods (Doc. No. 9), and ordered Blount to file "one Amended Complaint that identifies all of [her] legal claims and includes factual allegations sufficient to demonstrate a plausible right to relief" within thirty days of the Court's order (*id.* at PageID# 36). Three days later, Blount filed a motion requesting access to the Court's CM/ECF electronic filing system (Doc. No. 10) and attached an "updated complaint" against Whole Foods (*id.* at PageID# 41). The Court treated Blount's updated complaint (Doc. No. 10) as the ordered amended pleading and, on November 2, 2023, screened Blount's amended complaint under 28 U.S.C. § 1915(e)(2)(B). (Doc. No. 11.) The Court found "that Blount has stated a non-frivolous Section 1981 claim for discrimination by a retail establishment." (*Id.* at PageID# 49.)

The Court then referred the action to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. No. 11.) On November 3, 2023, the Magistrate Judge granted Blount's motion for CM/ECF access (Doc. No. 10) and directed the Clerk of Court to file Blount's screened amended complaint as a separate docket entry. (Doc. No. 12.) The Clerk of Court did so on the same day. (Doc. No. 13.)

Whole Foods filed an answer to Blount's amended complaint. (Doc. No. 23.) The Court entered a scheduling order setting September 30, 2024, as the deadline to file motions to amend the pleadings; January 30, 2025, as the deadline to complete discovery; and March 31, 2025, as the deadline to file dispositive motions. (Doc. No. 49.) This case is set for a jury trial on December 2, 2025. (Doc. No. 50.)

II.     Analysis

In its final screening order, the Court found that "Blount claims that Whole Foods engaged in 'racial profiling' in connection with false allegations of retail theft." (Doc. No. 11, PageID# 48.) The Court "liberally construe[d] this as a claim under 42 U.S.C. § 1981, which prohibits discrimination in the making and enforcement of contracts and has been applied in the context of alleged discrimination by a retail establishment." (*Id.* (collecting authority).) The Court then found that Blount had "plausibly alleged" the elements of a § 1981 claim against Whole Foods, including:

> that she is a member of a protected class; she sought to purchase goods ordinarily provided by Whole Foods; and she was deprived of her right to purchase those goods in a hostile manner that a reasonable person could find discriminatory.

(*Id.* at PageID# 49.)

The Court thus "conclude[d] that Blount has stated a non-frivolous Section 1981 claim for discrimination by a retail establishment" and dismissed "[a]ll other claims . . . ." (*Id.*)

No party challenged the Court's construction of Blount's claim. Accordingly, the screening order's direction that all parties construe Blount's amended complaint (Doc. No. 13) as asserting a claim under § 1981 is the law of the case. *See Arizona v. California*, 460 U.S. 605, 618 (1983) (holding that, under law-of-the-case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"); *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (noting that law-of-the-case doctrine "promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues'" (citation omitted)).

### A. The Parties' Summary Judgment Motions, Related Filings, and Other Motions That Do Not Reflect the Law of the Case

On February 21, 2025, Blount filed a motion for summary judgment (Doc. No. 63) to which Whole Foods filed a response (Doc. No. 68). Blount argues in her motion that Whole Foods' actions constitute "racial discrimination and profiling under Title II of the Civil Rights Act of 1964, places of public accommodation [42 U.S.C. § 2000a]" and does not cite § 1981. (Doc. No. 63, PageID# 225.) Whole Foods responds in opposition that, "although this Court ordered Plaintiff to amend her Original Complaint . . . to bring her claims under 42 U.S.C. § 1981, Plaintiff did not do so." (Doc. No. 68, PageID# 239.) Both parties' filings misrepresent the Court's prior orders. First, Blount cites "Title II of the Civil Rights Act of 1964" as the statutory basis for her claim instead of § 1981, the statute under which the Court found she had plausibly alleged a cause of action. Blount thus misstates the Court's construction of her claim. Second, Whole Foods argues that the Court ordered Blount to amend her complaint to bring her claims under § 1981 and that Blount did not do so. But the Court's screening order addressed Blount's amended complaint and construed it as asserting a claim under § 1981. The Court did not order Blount to file a second amended pleading.[1] (Doc. No. 11.)

Whole Foods then filed its own motion for summary judgment. (Doc. No. 74.) Whole Foods' only argument in support of summary judgment is that Blount cannot show that she is entitled to monetary relief because she "brings her claims solely under . . . § 2000a" which "only

---

[1] Whole Foods' confusion in this regard may arise from the fact that Blount filed the amended complaint as an attachment to her motion for PACER access (Doc. No. 10). After the Court entered its screening order (Doc. No. 11), it ordered the Clerk's Office to docket the amended complaint as a separate docket entry (Doc. No. 12). What the Clerk's Office docketed (Doc. No. 13) is the same pleading (Doc. No. 10) addressed by the Court's screening order (Doc. No. 11) construing Blount's claim as arising under § 1981.

authorizes injunctive relief as a remedy." (Doc. No. 74-1, PageID# 297.) This argument, of course, does not reflect the law of the case.

In response to Whole Foods' assertion that she has only brought a § 2000a claim, Blount filed several motions and pleadings asking the Court for leave to amend her summary judgment motion and complaint to clarify that she is seeking relief under § 1981. (Doc. Nos. 79, 83–85, 101.) Whole Foods has moved to strike several of these motions and pleadings (Doc. Nos. 89, 95–97), and Whole Foods opposes Blount's efforts to "amend" her cause of action from a § 2000a claim to a § 1981 claim at this stage of the proceedings (Doc. Nos. 90, 92).

As explained above, however, Blount's operative cause of action has been a § 1981 claim since the Court entered its screening order on November 2, 2023 (Doc. No. 11).[2] Whole Foods' assertion that Blount "made the conscious choice to ignore the Court's construction of her claims and proceed solely under 42 U.S.C. § 2000a" by filing a "Second Amended Complaint [Doc. 13]" after the Court screened "her First Amended Complaint [Doc. 10]" (Doc. No. 86, PageID# 393 (brackets in original)) is incorrect. As the Court recognized in its November 6, 2024 order, "[t]he amended complaint (Doc. No. 13), as screened by the Court (Doc. No. 11), is [ ] the operative pleading in this action." (Doc. No. 56, PageID# 182.)

The docket is cluttered with motions and briefing dedicated to the parties' back-and-forth over what claim Blount asserts, none of which is relevant to resolving Blount's § 1981 claim and all of which are rendered moot by the Court's final screening order. To move this case forward,

---

[2] The Court made its own misstatement in this regard. The Court's February 23, 2024 order addressing Whole Foods' motion to strike Blount's reply to Whole Foods' answer incorrectly stated that "Blount's amended complaint in this action asserts a claim . . . under 42 U.S.C. § 2000a for discrimination in a place of public accommodation." (Doc. No. 28, PageID# 110.) However, in a subsequent order, the Court explained the procedural history of Blount's § 1981 claim in detail and confirmed that "[t]he amended complaint (Doc. No. 13), as screened by the Court (Doc. No. 11), is [ ] the operative pleading in this action." (Doc. No. 56, PageID# 182.)

the Court will administratively terminate the parties' summary judgment motions, related motions, and other motions rooted in the mistaken assertion that Blount is pursuing a claim under § 2000a (Doc. Nos. 63, 71, 73, 74, 79, 80, 84, 89, 95–97, 101) and will allow the parties an opportunity to refile dispositive motions addressing the operative § 1981 claim.

### B. Blount's Remaining Motions

Blount's motion for sanctions (Doc. No. 93), motion to appoint counsel (Doc. No. 113), request for electronic service of documents (Doc. No. 115), and request to be exempt from PACER fees (Doc. No. 114) are ripe for resolution.

#### 1. Motion for Sanctions

Blount asks the Court to sanction Whole Foods for "litigation abuse and discovery violations[.]" (Doc. No. 93, PageID# 481.) Specifically, Blount argues that the Court should impose sanctions on Whole Foods for its "insistence that [she] initiate an entirely new legal action to assert claims under 42 U.S.C. § 1981" in opposing her motions to amend and for summary judgment and for "fail[ing] to respond to [her] interrogatories in a complete and good faith manner." (*Id.* at PageID# 481–82.)

The Court has already addressed Whole Foods' incorrect understanding of Blount's operative § 1981 claim and ordered the termination of pending motions reflecting that unsupported position. Sanctions are not warranted on this ground.

Blount's motion also fails in its request for discovery sanctions. Blount previously moved for an order compelling Whole Foods to respond to her discovery requests and for discovery sanctions. (Doc. Nos. 57, 58.) In its order denying Blount's motion without prejudice, the Court instructed Blount that, before she files a discovery-related motion, she must try to resolve the dispute independently with Whole Foods' counsel. (Doc. No. 67.) If that effort proves unsuccessful, the Court instructed, Blount must request a discovery dispute resolution conference

with the Court. (*Id.*) Blount's motion does not reflect that she conferred with Whole Foods' counsel, and she has not requested a discovery dispute resolution conference with the Court. Further, Blount filed this motion more than two months after the scheduling order deadline for filing discovery motions. (Doc. No. 49.) For these reasons, the motion for sanctions will be denied.

The Court notes, however, that Blount cites as a ground for sanctions that Whole Foods "[r]efused to work in good faith to resolve discovery disputes or streamline legal issues." (Doc. No. 93, PageID# 485.) Blount also states that Whole Foods "[s]imultaneously refused discovery and filed dispositive motions claiming the facts were insufficient or unsupported." (*Id.* at PageID# 484.) As this action moves forward, Blount may choose to follow the Court's discovery dispute resolution procedures or seek remedies provided in the Federal Rules of Civil Procedure to bring these or other issues to the Court's attention. The denial of Blount's motion for sanctions is without prejudice to doing so.

### 2. Motion to Appoint Counsel

Blount asks the Court to appoint counsel to represent her in this action pursuant to 28 U.S.C. § 1915(e)(1). (Doc. No. 113.) Blount states that she "is unable to afford retained counsel" and argues that appointment of counsel is warranted because "[t]his case involves complex legal issues," she "has limited legal training and, despite best efforts, [she] is not able to adequately represent her interests at trial." (*Id.* at PageID# 551.)

In civil actions, unlike criminal proceedings, there is no constitutional right to counsel. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) ("'Appointment of counsel in a civil case is not a constitutional right.'" (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985))); *Hollis v. Perry*, No. 3:17-cv-00626, 2018 WL 3572391, at *2 (M.D. Tenn. July 24, 2018) (citing *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), for the proposition that "there is no constitutional right to an appointed counsel in a civil action"). District courts have discretion to

appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but there must be exceptional circumstances justifying such an appointment. *See Lavado*, 992 F.2d at 606 (quoting *Wahl*, 773 F.2d at 1174); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (interpreting then § 1915(d)). To determine "whether exceptional circumstances exist, a district court considers the type of case, the ability of the pro se litigant to represent himself or herself, and the nature of the factual and legal issues involved." *Hollis*, 2018 WL 3572391, at *2.

At this stage of the proceedings, the Court finds no exceptional circumstances to warrant appointment of counsel. Blount's lack of legal training and inability to afford counsel are common to many pro se civil rights plaintiffs, most of whom will not be appointed counsel. The factual and legal issues in this case are not unusually complex. And Blount has shown in her pleadings and motions filed to date that she can communicate with the Court effectively. (Doc. Nos. 1, 2, 5, 6, 8, 10, 15–17, 19, 20, 24, 29–31, 39, 40, 43–47, 52, 53, 57–59, 63–65, 70–73, 75, 77–80, 82–85, 91, 93, 94, 98–101, 107–09, 111, 113–16.) If circumstances of this case change—for example, if Blount's claim proceeds past summary judgment—Blount may raise the issue of appointed counsel again.

### 3. Request for Electronic Service of Documents

Blount filed a request for "permission to receive all filings and orders in this matter via electronic service." (Doc. No. 115, PageID# 554.) Two days later, Blount filed a completed and signed copy of the Court's consent to electronic service form for pro se litigants. (Doc. No. 116.)

Because Blount signed and filed the consent to electronic service form, she "will receive a notice of electronic filing by e-mail when the court enters an order, or when a party files a document through CM/ECF." (*Id.*) Blount "will be permitted one 'free look' at the filed document by clicking on the hyperlinked document number" in the email and can "download the document to [her] own files to access it again without charge." (*Id.*)

8

Case 3:23-cv-00343    Document 118    Filed 07/22/25    Page 8 of 12 PageID #: 566

Blount's request for electronic service of documents (Doc. No. 115) is therefore moot.

### 4. Request for PACER Fee Exemption

Blount also "requests an exemption from PACER access fees under the Electronic Public Access Fee schedule." (Doc. No. 114.) Blount states that she "has been granted in forma pauperis status in this matter and lacks the financial resources to pay for PACER access." (*Id.*)

"PACER, an acronym for Public Access to Electronic Records, is the service that provides electronic access via the Internet to case and docket information from the federal courts." *Martin v. Cole*, Case No. 24-cv-11256, 2024 WL 3448456, at *2 n.1 (E.D. Mich. July 16, 2024). "The Judicial Conference of the United States has established fees for access to information in PACER." *Stinson v. Fowlkes*, No. 2:22-cv-02694, 2023 WL 3938880, at *8 (W.D. Tenn. June 9, 2023); *see also* 28 U.S.C. § 1914 note (Judicial Conference Schedule of Fees, Electronic Public Access Fee Schedule); U.S. Courts, *Electronic Public Access Fee Schedule*, https://www.uscourts.gov/court-programs/fees/electronic-public-access-fee-schedule (last visited July 21, 2025). PACER users pay ten cents per page to download documents, with a maximum charge of three dollars per document. 28 U.S.C. § 1914 note (Judicial Conference Schedule of Fees, Electronic Public Access Fee Schedule). There are no fees for accessing judicial opinions or for viewing case information or documents at courthouse public access terminals. *Id.* Parties in a case, including pro se litigants and attorneys of record, receive one free electronic copy of most electronically filed documents. *Id.*

The Judicial Conference has authorized courts to "exempt certain persons or classes of persons from payment of the use access fee[,]" including "indigents," if those "seeking an exemption [ ] demonstrate[ ] that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information[.]" *Id.* at ¶ 9. "To be eligible for an exemption from PACER user fees, the requesting party must show that an exemption is necessary to: (1) avoid

9

unreasonable burden; and (2) promote public access to information." *Martin*, 2024 WL 3448456, at *2; *see also* PACER, *Options to Access Records if you Cannot Afford PACER Fees*, https://pacer.uscourts.gov/my-account-billing/billing/options-access-records-if-you-cannot-afford-pacer-fees (last visited July 21, 2025) ("A court will grant an exemption upon finding that the requesting party has demonstrated that an exemption is necessary to avoid unreasonable burdens and to promote public access to information.").

Blount has not shown that a PACER fee exemption is necessary to avoid unreasonable burdens here. The Court granted Blount *in forma pauperis* status because it found that Blount "adequately demonstrate[d] that she cannot pay the full civil filing fee in advance without 'undue hardship.'" (Doc. No. 7, PageID# 26 (quoting *Foster v. Cuyahoga Dep't of Health & Hum. Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001); and citing 28 U.S.C. § 1915(a)).) But Blount's *in forma pauperis* status does not automatically entitle her to exemption from PACER fees. *See, e.g.*, *Malouf v. Detroit Med. Ctr.*, No. 10-cv-14763, 2011 WL 1465787, at *1 (E.D. Mich. Apr. 18, 2011) ("While Plaintiff may be unable to afford the filing fees associated with this lawsuit, the Court finds that he is financially capable of affording the minimal costs of the PACER system."). Further, because Blount has consented to electronic service of documents in this case, she will receive a free electronic copy of most documents filed in this case. The Court finds it likely that Blount has effectively received the relief she sought through this motion.

Blount's request for a PACER fee exemption (Doc. No. 114) will therefore be denied without prejudice.

### III. Conclusion

For these reasons, and in the interests of moving this case toward just and efficient resolution, the Clerk of Court is DIRECTED TO ADMINISTRATIVELY TERMINATE the following motions:

- Blount's motion for summary judgment (Doc. No. 63);

- Blount's proposed order granting her motion for summary judgment (Doc. No. 71);

- Blount's request for a timely ruling on her motion for summary judgment (Doc. No. 73);

- Whole Foods' motion for summary judgment (Doc. No. 74);

- Blount's supplemental motion for summary judgment (Doc. No. 79);

- Blount's motion to request a summary judgment ruling and to preclude further unauthorized filings by Whole Foods (Doc. No. 80);

- Blount's motion for leave to file an amended complaint (Doc. No. 84);

- Whole Foods' motion to strike Blount's supplemental motion for summary judgment and summary judgment declaration (Doc. No. 89);

- Whole Foods' twice-filed motion to strike Blount's supplement to her motion for summary judgment (Doc. Nos. 95, 96);

- Whole Foods' motion to strike Blount's proposed amended complaint (Doc. No. 97); and

- Blount's motion for leave to supplement or amend her motion for summary judgment (Doc. No. 101).

Blount's amended complaint (Doc. No. 13) as screened by the Court (Doc. No. 11) remains the operative pleading in this action. Blount and Whole Foods may refile dispositive motions addressing Blount's § 1981 claim by August 6, 2025. Responses in opposition must be filed by August 27, 2025, and optional replies may be filed by September 3, 2025.

Blount's motion for sanctions (Doc. No. 93) is DENIED.

Blount's motion to appoint counsel (Doc. No. 113) is DENIED WITHOUT PREJUDICE.

Blount's request for an exemption from PACER fees (Doc. No. 114) is DENIED WITHOUT PREJUDICE.

Blount's request for electronic service of documents (Doc. No. 115) is FOUND MOOT.

By separate order, the Court will appoint a pro bono mediator and require the parties to mediate this action by no later than September 30, 2025.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

12

Case 3:23-cv-00343   Document 118   Filed 07/22/25   Page 12 of 12 PageID #: 570