| | |
|---|---|
| ALIVIA BLOUNT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 3:23-cv-00343 |
| | ) |
| WHOLE FOODS MARKET | ) |
| DOWNTOWN NASHVILLE, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION

Before the Court are several motions.  Alivia Blount moves under Fed. R. Civ. P. 59(e) to alter or amend the order granting summary judgment to Whole Foods.  (Doc. No. 218).  Whole Foods opposes that motion, to which Blount filed an untimely reply.  (Doc. Nos. 220, 230).  Whole Foods moves to strike the untimely reply.  (Doc. No. 231).  Blount also moves for clarification regarding the timing of the Court's ruling. (Doc. No. 233).  Whole Foods also moves for sanctions. (Doc. No. 221).

For the reasons that follow, the motion to alter or amend (Doc. No. 218) will be denied, the motion to strike (Doc. No. 231) will be denied as moot, and the motion for clarification (Doc. No. 233) will be granted.  Because resolution of the motion to alter or amend permits Blount's appeal to proceed, the motion for sanctions will be denied without prejudice.  Whole Foods may renew that motion, if appropriate, upon issuance of the Sixth Circuit's mandate.

## I.    BACKGROUND

The factual and procedural histories of this case are accurately recited in the Magistrate Judge's report and recommendation (Doc. No. 155 at 2–7), and the Court's November 21, 2025 Memorandum Opinion (Doc. No. 216 at 1–3).  They control here.  In short, Blount alleges that

Whole Foods discriminated against her on the basis of race during an attempt to purchase self-serve acai at one of its stores.

## II.   LEGAL STANDARD

Under Rule 59(e), the Court may grant a motion to alter or amend a judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice.  Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005).  Parties "cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued."  Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC, 477 F.3d 383, 395 (6th Cir. 2007).

## III.   ANALYSIS

In the November 21, 2025 Memorandum Opinion, the Court granted summary judgment to Whole Foods because the undisputed evidence established that Blount could not satisfy the second element of her *prima facie* claim under 42 U.S.C. § 1981.  (Doc. No. 216 at 8–12).  Specifically, the Court concluded that Blount did not seek to receive and pay for services in the manner ordinarily provided by Whole Foods because it was undisputed that she filled her own personal cup with acai, did not weigh the cup, and did not purchase the acai before leaving the self-serve area.  (Id.).  Because Blount could not satisfy that element of her *prima facie* claim, it failed as a matter of law.

Blount advances several arguments in support of reconsideration.  She contends that the Court improperly made credibility determinations and resolved factual disputes against her.  (Doc. No. 218 at 2).  She argues that the Court applied the wrong legal standard to her § 1981 claim.  (Id. at 2–3).  She also argues that the Court overlooked evidence that she attempted to complete a purchase, failed to address certain evidence, and caused manifest injustice by preventing the case from reaching a jury.  (Id. at 3–4).  In her untimely reply, she adds that evidence from a March

2

2026 visit to the store undermines the guard's account, shows that the acai purchasing process differed from the Court's understanding, and shows subsequent remedial measures by Whole Foods—namely, that the Whole Foods had permanently removed the self-serve acai machine from the store. (Doc. No. 230 at 1–3).

None of these arguments warrants reconsideration of the Court's prior conclusion. First, the Court did not make credibility determinations or resolve disputed facts against Blount. The Court granted summary judgment based on undisputed facts—Blount used her own cup, did not weigh the acai, and did not purchase the acai before leaving the self-serve area. (Doc. No. 216 at 10–12). Those undisputed facts establish that she did not seek to receive and pay for services in the manner ordinarily provided by Whole Foods.

Second, the Court applied the correct legal standard. The Court analyzed Blount's claim under controlling Sixth Circuit precedent and concluded that she could not satisfy the second element of her *prima facie* § 1981 claim. (Id. at 8–12) (applying the standard from Christian v. Wal-Mart Stores, Inc., 252 F.3d 862 (6th Cir. 2001)). .

Third, the Court did not overlook disputed material facts. The evidence Blount identifies—*i.e.*, that acai machine was checked out normally, that her cup was taken by the guard before she could complete the purchase, and the manager refused to allow her to pay—were not supported by citations to record evidence at summary judgment. (Id. at 8–9). She again fails to support those assertions with citations to record evidence. Even if she did, that evidence concerns what happened after she had already deviated from Whole Foods's ordinary self-serve acai procedure. It does not change the undisputed facts that controlled the Court's ruling.

3

Fourth, the Court did not need to analyze every factual dispute in the record.  Once the undisputed evidence showed that Blount could not satisfy the second element of her *prima facie* case, the Court did not need to address other evidence bearing on different elements or issues.

Fifth, Blount has not shown manifest injustice.  Her motion repeats arguments the Court already rejected.

Finally, the materials in Blount's untimely reply do not alter the outcome.  Those materials were not before the Court when it ruled on summary judgment.  They concern a March 2026 visit to the store, not the undisputed facts from the March 2023 incident.  Whether the store later changed its layout, removed the acai machine, or offered acai differently does not show that Blount sought to receive and pay for acai in the manner ordinarily provided by Whole Foods on the day at issue.

## IV.    CONCLUSION

Because neither Blount's Rule 59(e) motion nor her untimely reply identifies an appropriate basis for reconsideration, the motion to alter or amend (Doc. No. 218) will be denied. Whole Foods's motion to strike the untimely reply (Doc. No. 231) will be denied as moot.  Blount's motion to clarify (Doc. No. 233) will be granted, as the motions are now resolved.

Blount has filed a notice of appeal (Doc. No. 228), which has been held in abeyance pending resolution of the Rule 59(e) motion. With that motion now resolved, Blount's appeal may proceed.  With that appeal pending, the Court declines to address Whole Foods's motion for sanctions (Doc. No. 221) at this time.  That motion will be denied without prejudice.  Whole Foods may renew the motion, if appropriate, following the Sixth Circuit's mandate.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

4